**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                                                    No. 95-5221

DARYL LAMONT GREEN,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the Middle District of North Carolina, at Winston-Salem.
William L. Osteen, Sr., District Judge.
(CR-94-247)

Submitted: March 12, 1996

Decided: April 4, 1996

Before HALL and NIEMEYER, Circuit Judges, and BUTZNER,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Michael A. Grace, Lisa S. Costner, GRACE & COSTNER, P.A.,
Winston-Salem, North Carolina, for Appellant. Walter C. Holton, Jr.,
United States Attorney, Clifton T. Barrett, Assistant United States
Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Daryl Green appeals from a district court judgment entered pursuant to his guilty plea convicting him of distributing cocaine base, in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(A) (1988). Counsel has filed a brief pursuant to Anders v. California , 386 U.S. 738 (1967), raising issues relating to Green's sentencing, but stating that in his view there are no meritorious issues on appeal. Green has filed a supplemental brief raising additional issues.

Initially, we reject counsel's contention that the district court erred by applying a two-level enhancement for possession of a firearm pursuant to U.S.S.G. § 2D1.1(b)(1). Counsel contends that Green did not "possess" the firearm during his sale of cocaine base to an undercover officer, because the sale took place inside a restaurant, and during the sale the firearm was outside in his vehicle, which was parked in the restaurant parking lot. We note, however, that a defendant "possesses" a firearm for purposes of section 2D1.1(b)(1) if the weapon was merely "present," unless it is clearly improbable that the weapon was connected with the offense. In United States v. Hunter, 19 F.3d 895 (4th Cir. 1994), we affirmed a section 2D1.1(b)(1) enhancement where the defendant "could reasonably have foreseen that a firearm would be present in a car that was picking him up after a drug transaction." Id. at 896. We concluded that we could not say that it was clearly improbable that the firearm located under the passenger seat of the car the defendant entered was connected with the defendant's drug offense. Id. Similarly, we cannot do so here. Because the district court's determination that a firearm was present so as to justify an enhancement was not clearly erroneous, see United States v. Apple, 915 F.2d 899, 914 (4th Cir. 1990), we affirm the enhancement.

Counsel further argues that, in sentencing Green, the district court should have applied the lesser statutory penalties applicable to the dis-

2

tribution of cocaine rather than the more severe penalty for cocaine base. He avers that because cocaine and cocaine base are definitionally identical, the statute's provision for differing punishments is unconstitutionally vague, and that therefore the rule of leniency should be applied and the lesser penalty for cocaine imposed. We have recently considered and rejected this specific argument. See United States v. Fisher, 58 F.3d 96, 98-99 (4th Cir. 1995).

Regarding the arguments in Green's supplemental brief, we note that there is no indication or allegation in the record that Green's claim that he was selectively prosecuted on the basis of his race was ever raised prior to trial. As such, this claim appears to have been waived. See United States v. Schmidt, 935 F.2d 1440, 1450 (4th Cir. 1991). In any event, however, we have reviewed Green's contentions in this vein and find that he has failed to show that he has been singled out while others similarly situated have not been prosecuted, or that the decision to prosecute him was invidious or made in bad faith. Id. at 1449. We therefore reject his claim of selective prosecution.

Green also challenges the effectiveness of his counsel. Ineffective assistance claims, however, are improperly raised on direct appeal unless it "conclusively appears" from the record that defense counsel did not provide effective representation. See United States v. Williams, 977 F.2d 866, 871 (4th Cir. 1992). Ineffective assistance is not apparent from the record in this case.

Accordingly, we affirm the conviction and sentence imposed by the district court. In accordance with Anders, we have examined the entire record in this case and find no meritorious issues for appeal. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

3

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4